UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-048 |
| | ) | |
| WILLIAM ISAAC JACKSON | ) | |

**MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to distribute cocaine base, and to possessing a firearm in furtherance of that crime. He will be sentenced on January 15, 2015. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") which classifies the defendant as a career offender. The defendant objects to that classification. For the reasons that follow, the objection will be overruled.

In deeming the defendant a career offender, the PSR concludes that the instant offense of conviction is a controlled substance offense and that the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2014). The sentencing guidelines define "crime of violence" for career offender purposes as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) *has as an element* the use, attempted use, or threatened use of *physical force* against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphases added).

The defendant does not argue that his present conviction is not a controlled substance offense (which it is) or that he does not have one predicate felony controlled substance conviction (which he does, *see* PSR ¶ 36). Instead, the defendant's objection is that the PSR incorrectly counts his prior Florida robbery conviction (PSR ¶ 34) as his second career offender predicate.

On August 24, 2007, the defendant was convicted in the Circuit Court of Broward County, Florida. The Circuit Court Disposition Order shows that the defendant pled guilty to the charge of "Robbery / No Weapon." The defendant concedes that this conviction was punishable by a term of imprisonment exceeding one year [doc. 69, p.2] but argues that the conviction does not otherwise meet the guidelines' definition of a "crime of violence."

Florida has two basic robbery statutes – "Robbery" (Fla. Stat. § 812.13) and "Robbery by Sudden Snatching" (Fla. Stat. § 812.131). Robbery by sudden snatching is robbery's "less-serious counterpart." *See United States v. Lockley*, 632 F.3d 1238, 1246 n.7 (11th Cir. 2011). The Circuit Court Disposition Order does not indicate under which of these statutes the defendant was convicted. For that reason, the defendant argues that

the rule of lenity requires this court to presume that his "Robbery / No Weapon" conviction was for the lesser crime of robbery by sudden snatching. While the defendant is likely correct on that point, a conviction under *either* statute is a "crime of violence" and thus a career offender predicate.

Under the Florida robbery statute (section 812.13), "'Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, *or putting in fear*." Fla. Stat. § 812.13(1) (emphasis added). The carrying of a weapon is not an element of this crime but instead is the distinction between first and second degree. *Id.* § 812.13(2).

A robbery conviction under section 812.13 constitutes a "crime of violence" under the career offender guideline. *See United States v. Bequette*, 567 F. App'x 450, 451 (6th Cir. 2014) (citing *Lockley*, 632 F.3d at 1240-45; *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002)). Even if a person violates section 812.13 by "merely" putting his victim in fear (as opposed to the use of force, violence, or assault), that crime satisfies both the "physical force" definition of guideline 4B1.2(a)(1) and the residual clause definition of guideline 4B1.2(a)(2). *Lockley*, 632 F.3d at 1244-45. Therefore, if the present defendant's "Robbery / No Weapon" conviction is for violation of Florida Statute 812.13, that offense is a "crime of violence" and a career offender predicate.

3

Turning to Florida Statute 812.131, the defendant fares no better.

"Robbery by sudden snatching" means the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that:

(a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or

(b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.

Fla. Stat. § 812.131(1). As with the "Robbery" statute, the carrying of a weapon is not an element of this crime but instead is the distinction between second and third degree. *Id.* § 812.131(2).

Florida courts have concluded that the use or threat of force or violence is also not an element of section 812.131. *See A.M. v. State*, 147 So. 3d 98, 100 (Fla. Dist. Ct. App. 2014); *Thomas v. State*, 983 So. 2d 746, 747 (Fla. Dist. Ct. App. 2008). Nonetheless, "[s]udden snatching ordinarily involves substantial risk of physical injury to the victim." *United States v. Welch*, 683 F.3d 1304, 1313 (11th Cir. 2012). Robbery by sudden snatching, as defined by section 812.131, therefore satisfies the residual clause definition of a crime of violence under guideline 4B1.2(a)(2) ("otherwise involves conduct that presents a serious potential risk of physical injury to another"). *Welch*, 683 F.3d at 1312.

For these reasons, it is of no import whether the present defendant's "Robbery / No Weapon" conviction occurred under Florida Statute 812.13 or 812.131. Either way, the offense is a crime of violence and thus a career offender predicate. The

4

Case 2:14-cr-00048-RLJ-MCLC   Document 78   Filed 01/08/15   Page 4 of 5   PageID #: 365

PSR in this case therefore correctly deems the defendant a career offender under the advisory federal sentencing guidelines. The defendant's objection is accordingly **OVERRULED**, although he remains free at sentencing to raise the variance argument contained in his sentencing memorandum.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge