UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | NO. 2:14-CR-048 |
| | ) | NO. 2:15-CV-201 |
| WILLIAM ISAAC JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636 and by Order of Reference filed by the District Court referring the matter for an evidentiary hearing [Doc. 110]. The matter has been fully briefed, and an evidentiary hearing was held on September 13, 2016.

**I.     INTRODUCTION**

Defendant William Isaac Jackson ("Jackson") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. 92], raising two issues: (1) that based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior felony robbery conviction is no longer a crime of violence under the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a), resulting in him no longer qualifying as a career offender;[1] and (2) that his trial counsel failed to appeal his sentence pursuant to his instruction. [Doc. 100, pg. 111].

The sole issue before the undersigned is whether Jackson instructed his trial counsel to appeal the sentence [Doc. 111]. The District Court found that a credibility dispute existed based

---

[1] Jackson actually claimed that his trial counsel was ineffective for failing to raise the *Johnson* issue concerning his career offender status prior to sentencing. *Johnson*, however, had yet to be decided when Jackson was sentenced. The Court liberally construed his § 2255 motion to find that he intended to raise the question of whether *Johnson* had a retroactive effect in cases involving the "residual clause" of the Career Offender Guideline, U.S.S.G. § 4B1.2(a).

1

on the pleadings concerning whether defense counsel should have filed a notice to appeal following his sentencing and referred the matter to the undersigned for an evidentiary hearing.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

The District Court outlined the procedural and factual background in detail regarding Jackson's case. [Doc. 111, pg. 1-4]. For purposes of this order, the Grand Jury charged Jackson with, among others, a conspiracy to distribute "crack" cocaine in violation of 21 U.S.C. § 841(b)(1)(C), and aiding and abetting the possession of one or more firearms in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1)(A). Rather than proceed to trial, Jackson entered into a Plea Agreement [Doc. 34] in which he agreed to plead guilty to the conspiracy count and possession of a firearm in furtherance of a drug trafficking offense with all the remaining counts being dismissed. Jackson's Plea Agreement waived his right to file a direct appeal except for a sentence above the sentencing guideline range as determined by the district court or a statutory mandatory minimum, whichever is greater [Doc. 34, pg. 7-8]. The Presentence Report ("PSR") classified Jackson as a career offender based on two prior felony convictions for either a crime of violence or a controlled substance offense.[2] PSR ¶ 27; *see* U.S.S.G. § 4B1.2(a). After deductions for acceptance of responsibility, the PSR calculated his advisory Guideline Range to be 262 to 327 months. PSR ¶ 65.

---

[2] The PSR indicated that the two predicate offenses that qualified him for the Career Offender designation were Robbery Without a Weapon (PSR ¶ 34) and Possession of Cocaine With Intent to Manufacture, Sell, or Deliver, both under Florida law (PSR ¶ 36). Florida has two robbery statutes: "Robbery," Fla. Stat. § 812.13, and "Robbery by Sudden Snatching," Fla. Stat. § 812.131. Preceding the sentencing hearing, the Court noted that the Florida State Circuit Court Disposition Order regarding his prior robbery conviction does not indicate under which of these statutes Jackson was convicted. It went on to find, however, that both crimes were crimes of violence: "Robbery" under the "elements clause" and "Robbery by Sudden Snatching" under the "residual clause." *See* U.S.S.G. § 4B1.2(a)(1)-(a)(2).

Although Jackson's trial counsel objected to the PSR's classification of him as a Career Offender, [Doc. 68, 74], the District Court overruled his objections and adopted the PSR's calculation as his advisory Guideline Range [Doc. 78]. That range was 262 to 327 months. After granting the government's motion for acceptance of responsibility, [Doc. 41], and Jackson's oral motion for a variance, the District Court sentenced Defendant to 91-months imprisonment for his involvement in the conspiracy offense and 60-months imprisonment for the possession of one or more firearms in furtherance of a drug trafficking offense for a total of 151-months imprisonment, a substantial variance from his advisory Guideline Range [Doc. 86, *Judgment*].

## III. FINDINGS OF FACT

After conducting the evidentiary hearing, the Court makes the following findings of fact. Jackson was charged, *inter alia*, with a conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and for aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1)(A). Jackson entered into a plea agreement with the United States in which he agreed to plead guilty to the drug conspiracy charge and possession of a firearm in furtherance of a drug trafficking offense, and the United States agreed to dismiss the remaining charges [Doc. 34]. His trial counsel reviewed all the provisions of the plea agreement with him, answering any questions he might have had about its terms and conditions. The plea agreement contained a provision in which Jackson, in consideration of the other terms of the agreement, agreed to waive filing a direct appeal of his sentence, provided it did not exceed the advisory sentencing guideline range as determined by the district court or the statutory mandatory minimum, whichever was greater. Trial counsel specifically reviewed and explained at length this provision with Jackson. Jackson advised his trial counsel that he understood the appeal waiver provision. Trial counsel believed Jackson understood the waiver and its implications for any appeal.

Jackson appeared before the Honorable R. Leon Jordan, United States District Judge, on June 24, 2014, and entered his plea of guilty to the drug conspiracy offense and possession of a firearm in furtherance of a drug trafficking offense. Under oath, Jackson advised the district court that he and his trial counsel had reviewed the plea agreement—specifically the appeal waiver—and that he fully understood its terms and effect on his right to file an appeal.

The district court ordered the preparation of a Presentence Report which classified Jackson as a career offender under the guidelines based, in part, on his robbery conviction. Jackson's trial counsel filed an objection to that classification, which was overruled by the district court. Prior to the sentencing hearing, trial counsel once again consulted with Jackson concerning the implications of the appellate waiver. Jackson confirmed he understood he was precluded from substantively appealing the issue of his career offender designation. At sentencing, the district court calculated Jackson's advisory sentencing Guideline range to be 262 to 327 months. It then granted the United States' motion for acceptance of responsibility and Jackson's oral motion for a variance from the guideline range and sentenced Jackson to 91-months imprisonment for his involvement in the conspiracy offense and 60-months imprisonment for the possession of one or more firearms in furtherance of a drug trafficking offense for a total of 151-months imprisonment. The district court specifically advised Jackson of his right to appeal pursuant to Federal Rule of Criminal Procedure 32(j) and the time frame in which that right must be exercised. He did not appeal nor advise the clerk's office he wanted to appeal.

After sentencing, trial counsel did not further consult with Jackson about filing an appeal. While Jackson claims he instructed trial counsel to see what he could do about an appeal, trial counsel testified that he had no memory of this. Trial counsel testified he remembers Jackson being sullen and unhappy after the sentencing, and that he would not have missed any comment concerning an appeal. The Court resolves all issues of credibility in favor of trial counsel. The

4

Court finds Jackson did not instruct his trial counsel to file an appeal.

**IV.    ANALYSIS**

In his motion, Jackson asserts that his defense counsel was ineffective for failing to file a notice of appeal after he instructed him to do so and also ineffective pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  At the evidentiary hearing, he asserted that immediately following the sentencing hearing, Jackson told his trial counsel to see what he could do about an appeal.  It is axiomatic that "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477.  Trial counsel testified that he does not recall Jackson making any mention of an appeal to him.  Indeed, trial counsel had specific memories of the sentencing hearing, recalling that Judge Jordan called the guideline range "draconian," and that in fact it was trial counsel who mentioned possibly using an ineffective assistance argument to help Jackson later challenge the sentence. Jackson was visibly upset after the sentencing hearing, and trial counsel recollects that he did not say much at all after the hearing before being escorted out by the Marshals.  Significantly, Jackson wrote a letter to his trial counsel in May 2014 requesting his legal file in order to work on his case personally.  Nowhere in the letter did Jackson mention any appeal he believed his trial counsel to be working on.  As noted above, the Court resolves all issues of credibility in favor of trial counsel and finds that Jackson did not instruct his trial counsel to file an appeal.

The next issue in this case is whether his trial counsel should have consulted with him about filing an appeal.  If he can demonstrate that trial counsel had a constitutional duty to consult with him about an appeal, he then must demonstrate prejudice—that is, a reasonable probability that, but for counsel's deficient conduct, he would have appealed his sentence. *Flores-Ortega*, 528 U.S. at 486.  Thus, he must claim that counsel's deficient performance caused him to forfeit an appeal that he otherwise would have taken. *Id.*  If he demonstrates the presence of nonfrivolous

5

grounds for appeal, the two parts of the inquiry—duty to consult and prejudice—may both be satisfied. *Id*. at 486.

His argument fails on both grounds. Trial counsel consulted extensively with Jackson about his appellate waiver after the change of plea hearing and before the sentencing hearing. Jackson affirmed numerous times that he understood the implications of the waiver, and that the waiver precluded a substantive appeal of the career offender designation. During the evidentiary hearing, Jackson confirmed that he understood that he could only appeal the sentence imposed if it were above the sentencing guideline range as determined by the district court or a statutory mandatory minimum, whichever was greater. At the conclusion of the sentencing hearing, Jackson was sentenced to a total of 151-months imprisonment, an amount significantly lower than the guideline range he was facing. Although trial counsel did not consult with Jackson immediately after the sentencing hearing to determine if he wanted to appeal the sentence, the Court finds that his failure to do so was not professionally unreasonable. Trial counsel quite reasonably relied on his extensive discussion with Jackson regarding his waiver of appeal. He consulted with Jackson about his rights to appeal prior to him even signing the plea agreement and before he appeared before the district court to enter the plea.[3] Moreover, there was nothing in the sentence itself that would trigger any issue regarding the need to file an appeal. The sentence was far below the advisory guideline range and did not exceed any statutory maximum. In fact, from just an objective standpoint, the resolution secured by trial counsel was quite impressive.

The law does not impose on an attorney an affirmative obligation to consult with a client about an appeal in every case. *Flores-Ortega*, 528 U.S. at 478 (finding failing to consult with a

---

[3] As noted in *Flores-Ortega,* consult conveys a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478. Trial counsel fulfilled his responsibility in that regard.

6

defendant about an appeal in not "necessarily unreasonable" in every case). Rather, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Jackson has not shown "a rational defendant would want to appeal" this sentence. This is particularly true when considering the circumstances of his charged conduct, the extraordinary variance the district court departed from the advisory guideline range, and the benefit the court gave him for accepting responsibility. In fact, if Jackson had appealed, that would have provided the Government an opportunity to appeal as well, potentially challenging the extent of departure the district court made from the guideline range.

But more importantly, Jackson does not identify any nonfrivolous grounds to appeal. At the hearing, the only issue he noted that he would appeal to the Sixth Circuit was his career offender designation.[4] This issue would be precluded by the appeal waiver and is accordingly not a nonfrivolous ground.

Jackson made no comments after the hearing to put his trial counsel on notice that he wished to file an appeal. Trial counsel had no reason to believe he wanted to appeal unless he advised him so, and he did not. Not consulting with him after sentencing about an appeal was not professionally unreasonable under these circumstances. Trial counsel had already reviewed with

---

[4] In his § 2255, Jackson has challenged his classification as a career offender based on *Johnson*. The District Court initially ruled against Jackson on this issue. However, in light of *United States v. Beckles*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), Jackson indicated that he would ask the District Court to reconsider its denial.

7

him the plea agreement and the appeal waivers and testified that if Jackson had asked him to appeal, he would have filed a notice of appeal. Jackson simply never did.

As a whole, trial counsel provided exceptional representation for Jackson. He was facing a significantly longer sentence had he gone to trial, and his counsel effectively represented him throughout the course of the proceedings. Trial counsel was able to successfully argue for a sentence that was 111 months lower than the bottom of the applicable guideline range and 176 months lower than the top of the range.

**V.     CONCLUSION**

Based upon all of the testimony and the totality of the circumstances, the Court finds that Jackson did not specifically request his trial counsel to file an appeal. The Court further finds that under these circumstances, trial counsel had no further duty to consult with Jackson after sentencing about filing an appeal. Finally, even if trial counsel should have consulted with him after sentencing, Jackson has not identified any prejudice from his failure to do so. Accordingly, the Court RECOMMENDS that his § 2255 claim that his counsel was ineffective for failing to file an appeal be DENIED.[5]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).